UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARLENE KING-MOORE,

                Plaintiff,                Case No. 18-10557

v

                                        Honorable Thomas L. Ludington

ROADRUNNER TRANSPORTATION SYSTEMS, INC.,
ROADRUNNER TRANSPORTATION SERVICES, INC.

                Defendant.
_____/

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT

On February 16, 2018, Plaintiff Darlene King-Moore filed a complaint against Defendants Roadrunner Transportation Systems, Inc. ("Roadrunner"), Roadrunner Transportation Services, Inc. ("Roadrunner Services"), Penske Truck Leasing Corporation ("Penske"), and McKinney Vehicle Services, Inc. ("McKinney"). ECF No. 1. Plaintiff's claim arises from an automobile accident involving herself and Mark Soles, an employee of Roadrunner. Plaintiff also filed a separate claim in Bay County Circuit Court against Soles. Circuit Court, County of Bay, Case No. 17003650 NI 09, Hon. Harry P. Gill.[1]

On August 24, 2018, the Court entered the parties' stipulated order dismissing Penske and McKinney as defendants. ECF No. 20. On November 16, 2018, Defendants Roadrunner and Roadrunner Services filed a motion for summary judgment. ECF No. 24. Ten days later, they filed a motion for partial summary judgment. ECF No. 27. For the following reasons, the motion for

---

[1] Neither party has raised the issue of collateral estoppel nor has either party moved to join Soles as a necessary party. As such, Plaintiff's claim against the Defendants will be adjudicated.

summary judgment will be denied and the motion for partial summary judgment will be granted in part and denied in part.

**I.**

On February 27, 2015, Plaintiff and Mark Soles were involved in an automobile accident at the intersection of Woodside Avenue and Trumbull Street (Harry S. Truman Parkway). Compl. at 3, ECF No. 1; Mot. Summ. J. at 2, ECF No. 24. Soles is an employee of Roadrunner Systems and was driving a tractor-trailer at the time of the incident. *Id.* Plaintiff was driving a 2010 Chrysler Sebring. *Id.* Soles drove eastbound on Woodside Avenue and then stopped at the Trumbull Street intersection for a red light. ECF No. 1 at 4; ECF No. 24 at 2. The intersection has two left turn lanes. ECF No. 24 at 2; ECF No. 29 at 2.

At this point in the narrative, the Parties' accounts diverge. According to Defendants, Soles occupied the outer-most left turn lane. ECF No. 24 at 2. There were three cars in the inner left turn lane when the light turned from red to green. *Id.* Soles entered the intersection and waited for the three cars to complete their left turns. Soles Dep. at 15, ECF No. 24-3. He checked his mirrors to ensure that no other vehicles were driving up the inner turn lane and then started turning left. *Id.* at 17. As he was entering the outer northbound lane of Truman Parkway, he checked his mirrors again to ensure that his trailer would clear the median. *Id.* at 16. It was then that he saw Plaintiff driving within the inner left turn lane and crash into Soles. *Id.*; ECF No. 24 at 3.

According to Plaintiff's complaint, Soles entered the intersection and was turning left onto Truman Parkway. ECF No. 1 at 4. Plaintiff was driving in the inner left turn lane when Soles entered her lane and struck her vehicle. *Id.* Plaintiff alleges that due to the accident, she sustained injuries to her brain and lumbar spine as well as suffering "pain, suffering, embarrassment, humiliation, anxiety, inconvenience and loss of enjoyment of life." *Id.* at 6.

In her complaint, Plaintiff brought one count described as "statutory liability," one count of *respondeat superior*, and one count of negligent hiring, retention, and supervision. Under her count of statutory liability she claimed Soles committed the following:

a. Driving without due care and caution and in such a manner as to endanger the Plaintiff;

b. Failing to drive said vehicle upon the highway at a careful and prudent speed, in violation of Mich. Comp. Laws Ann. Section 257.627 (Supp. 1982-83);

c. Failing to drive said vehicle upon the highway at a speed not greater than would permit said defendant driver to bring said vehicle to a stop within the assured clear distance ahead, in violation of Mich. Comp. Laws Ann. Section 257.627 (Supp. 1982-83 );

d. Driving said vehicle upon a highway or other place open to the public in a carelessly, heedlessly, willful, wanton and reckless manner without due regard to the plaintiff and her property in violation of Mich. Comp. Laws Ann. Section 257.626 (1977);

e. Failing to have said motor vehicle equipped with brakes adequate to control the movement of, and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels, in violation of Mich. Comp. Laws Ann. Section 257.705 (1977);

f. Failing to use the available brakes that the semi-tractor trailer was equipped with;

g. Failing to properly keep the semi-tractor trailer in its proper lane of travel;

h. Failing to drive at a careful and prudent speed, having due regard to the traffic, surface, and width of the highway, and other existing conditions, in violation of Mich. Comp. Laws Ann. Section 257.627 (1977); and

i. Driving said vehicle on a highway or other area open to the general public in willful or wanton disregard for the safety of persons or property. Mich. Comp. Laws Ann. Section 257.626 (1977).

j. Failing to keep the semi tractor-trailer constantly under control;

k. Failing to observe the highway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway.

ECF No. 1 at 5–6.

**II.**

Defendants have moved for summary judgment and partial summary judgment. ECF Nos. 24, 27. A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

**III.**

In its motion for partial summary judgment, Roadrunner admits vicarious liability on behalf of Soles. Accordingly, they request that Count V of Plaintiff's complaint, "Negligent Hiring, Retention and Supervision," be dismissed. ECF No. 27 at 11. They also argue that Roadrunner Services should be dismissed as a defendant because Roadrunner Services never had control over Soles and therefore cannot be found liable under a theory of *respondeat superior*. *Id.* at 14–15.

In her response to Defendants' motion for partial summary judgment, Plaintiff concedes that "her claims of negligent hiring, retention, and supervision" should be dismissed "based on Defendants' admission of vicarious liability." Pl.'s Resp. to Defs.' Mot. Summ. J. at 5, ECF No. 30. She further states that "her claims against Defendant Roadrunner Transportation Services, Inc.,

should be dismissed since it did not have control over driver Soles." *Id.* at 8. She also concedes that subsections (c), (e), and (k) of Count I of her complaint "are not supported by the evidence." *Id.* at 7.

Accordingly, Count V of Plaintiff's complaint will be dismissed, Roadrunner Services will be dismissed as a defendant, and subsections (c), (e), and (k) of Count I of the complaint will be dismissed. The only remaining claims are subsections (a), (b), (d), (f), (g), (h), (i), and (j) of Count I of the complaint and Count IV of the complaint.

**IV.**

In its motion for summary judgment, Roadrunner argues that there is no material issue of triable fact because Plaintiff is the sole witness to the accident and her depositions indicate that she cannot remember the necessary facts to bring her claim. Defendant argues that "causation can be proven by circumstantial evidence, but 'a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation.'" ECF No. 24 at 15 (quoting *Skinner v. Square D Co.*, 445 Mich. 153, 164 (1994)).

However, there exists more than just Plaintiff's deposition to recount what happened at the time of the accident. Soles's deposition was also taken and he describes what occurred. Soles testified that while turning onto Truman Parkway, he entered the inner left turn lane.

> A: Because the way left-hand turns are, I have to use part of the inside lane to make the turn…
>
> Q:…Because, just by the nature of your left turn, your trailer, part of your truck, is going to go into that other left lane, correct?
>
> A: Yes.
>
> Q: Okay.
>
> A: I need that lane to make my turn…
>
> Q: …And when you looked back, the back of your trailer was partially into the innermost left lane?

  A: Yes.

Soles Depo. at 15–16, ECF No. 24-3.

  Plaintiff contends that Soles encroaching into Plaintiff's lane was a violation of MCL § 257.642(1)(a). ECF No. 29 at 16. It provides, "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the operator has first ascertained that the movement can be made with safety." MCL § 257.642(1)(a).

  In its reply, Roadrunner argues that there are no lane markers in the intersection so "Plaintiff cannot say that Mr. Soles failed to maintain his lane during his left turn." ECF No. 31 at 4. However, regardless of whether there are lane markers or not, Soles acknowledged that he had encroached into the innermost left lane. Soles Depo. at 15–16, ECF No. 24-3. This leaves open the question of whether Soles was negligent. He may not have driven "as nearly as practical" within his lane. Alternatively, Plaintiff, who would have had a clear line of sight behind Soles, may have entered the lane when it was clear that Soles could not complete the turn without entering the lane. In any event, the unresolved factual question requires jury resolution. Roadrunner's motion for summary judgment will be denied.

## V.

  In its motion for partial summary judgment, Roadrunner argues that subsections (a), (b), (d), (f), and (h) of Count I of the complaint should be dismissed because they are not supported by the evidence. ECF No. 27 at 12. The subsections allege that Soles committed the following:

 (a) Driving without due care and caution and in such a manner as to endanger the Plaintiff;

 (b) Failing to drive said vehicle upon the highway at a careful and prudent speed, in violation of Mich. Comp. Laws Ann. Section 257.627 (Supp. 1982-83);

 (d) Driving said vehicle upon a highway or other place open to the public in a carelessly, heedlessly, willful, wanton and reckless manner without due regard to

the plaintiff and her property in violation of Mich. Comp. Laws Ann. Section 257.626 (1977);

(f) Failing to use the available brakes that the semi-tractor trailer was equipped with;

(h) Failing to drive at a careful and prudent speed, having due regard to the traffic, surface, and width of the highway, and other existing conditions, in violation of Mich. Comp. Laws Ann. Section 257.627 (1977);

ECF No. 27 at 12.

None of the subsections will be dismissed because unresolved issues of fact remain. Soles admitted to entering the inner turn lane. This may have endangered Plaintiff's life and the factual development of the case at this juncture does not permit the conclusion that Soles's conduct was not careless, wanton, or reckless as a matter of law. Accordingly, neither subsection (a) or (d) will be dismissed.

Roadrunner further contends that subsection (b) should be dismissed because "the accident did not occur on the highway." ECF No. 27 at 13. However, Roadrunner does not explain what constitutes a highway for purposes of MCL 257.626. It provides no other argument or evidence to this point beyond its conclusory assertion that the "accident did not occur on the highway." Subsection (b) will not be dismissed.

Roadrunner further contends that Soles's speed is not an issue in the case. But Soles testified that he did not see Plaintiff's vehicle until immediately before the collision. Soles Dep. at 16, ECF No. 221. The possibility that the collision could have been avoided had Soles's speed been reduced or had he used the brakes differently is simply not ruled out by the existing evidence. As such, there remains a triable issue of fact. Subsections (f) and (h) will not be dismissed.

**VI.**

Accordingly, it is **ORDERED** that Defendants' motion for summary judgment, ECF No. 24, is **DENIED**.

It is further **ORDERED** that Defendants' motion for partial summary judgment, ECF No. 27, is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that Defendant Roadrunner Transportation Services, Inc., is **DISMISSED**.

It is further **ORDERED** that Count V and subsections (c), (e), and (k) of Count I of Plaintiff's complaint are **DISMISSED**.

Dated: March 11, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge